UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BARBARA L. MILLER

                      Plaintiff,

v.

METROPOLITAN LIFE INS. CO.,

                      Defendant.

Case # 16-CV-6684-FPG

DECISION AND ORDER

## INTRODUCTION

Plaintiff Barbara L. Miller ("Plaintiff") brings this Employee Retirement Income Security Act of 1974 ("ERISA") claim against Defendant Metropolitan Life Insurance Company ("Defendant").[1] Specifically, Plaintiff raises a claim under ERISA § 502(a)(1)(B) to recover benefits due under the terms of a plan; under § 502(c)(1) to require Defendant to furnish her with documents related to her plan and pay her $110 for every day that Defendant failed to share these documents; and under 29 U.S.C.A. § 1132(g)(1) for attorney's fees. On March 20, 2017, Defendant moved to dismiss this case. ECF No. 9. For the reasons stated below, Defendant's Motion to Dismiss is GRANTED.

## BACKGROUND[2]

Plaintiff's spouse, Carl Miller, retired from his employer, the Eastman Kodak Company, in 1986. At the time of his retirement, Mr. Miller was enrolled in Kodak's Family Protection Plan, which is a survivor income benefit ("SIB") program. Mr. Miller died in August 1992, after which

---

[1] Plaintiff initially sued both the instant Defendant and Eastman Kodak Company, but she dismissed Kodak from the case on March 30, 2017. *See* ECF No. 11.
[2] The following allegations are taken from Plaintiff's Complaint (ECF No. 1) unless otherwise noted.

1

Plaintiff, Mr. Miller's named beneficiary for all benefits, began receiving a monthly SIB of $440.27. Defendant administered the benefit to Plaintiff and Kodak's general assets funded it. ECF No. 9-9 at 2. On October 22, 1992, Plaintiff received a letter from Defendant stating that she would receive her monthly payment "for life."[3] In August 2000, Kodak stopped funding the account from which Defendant paid Plaintiff's benefits, so Defendant stopped administering payments to Plaintiff. Instead, "various providers" other than Defendant made monthly SIB payments to Plaintiff. ECF No. 1 at 1.

In January 2012, Kodak filed for bankruptcy protection in the U.S. Bankruptcy Court for the Southern District of New York. ECF No. 9-15 at 6. In May 2012, the United States Trustee appointed an Official Committee of Retired Employees to represent retired employees and their respective spouses, survivors, and dependents for whom Kodak was providing "retiree benefits under a plan or program maintained or established by [Kodak]." *Id.* at 7. The terms of the Bankruptcy Court-approved settlement agreement between Kodak and the Committee of Retired Employees required Kodak to maintain retiree benefits until December 31, 2012. *Id.* The agreement also required Kodak to fund a Voluntary Employees' Beneficiary Association Trust ("VEBA Trust") to fund life, sick, accident, or other benefits to Kodak's retirees after December 31, 2012. *Id.*

Kodak funded the VEBA and formed the Kodak Retired Employee Beneficiary Association ("KREBA"), which formed an ERISA-governed benefit plan to pay benefits to certain survivors and beneficiaries of Kodak, including Plaintiff, titled the "KREBA Plan." *Id.* at 8. The plan named the "KREBA Trustees" as the "Plan Administrator." ECF No. 9-3 at 8. The plan's

---

[3] Defendant's Lead Compliance Specialist Steven Kohler informed Plaintiff in an April 2016 letter that the phrase "for life" was used in error because Plaintiff's benefit was "non-guaranteed," meaning that Defendant could "only pay the benefit as long as . . . Kodak continue[d] to fund the account from which the payments [were] made." ECF No. 9-11 at 2.

2

terms capped SIB payments at $400 per month for 18 months. *Id.* Ultimately, KREBA was able to extend the SIB payments to 27 months, or until March 2015. *Id.* At that time, Plaintiff stopped receiving her SIB payments. *Id.*

Six months later, in August 2015, Plaintiff wrote to the KREBA Plan Sponsor and Administrator, the "Eastman Kodak Company Board of Trustees," seeking to have her monthly "retirement benefits restored immediately." ECF No. 9-6 at 2.

Plaintiff first wrote to Defendant on October 16, 2015 to inquire about the cessation of her SIB benefits. ECF No. 9-7 at 2. Defendant responded to Plaintiff's letter on November 2, 2015, explaining that as of September 2000, Kodak transferred her benefits to another insurance carrier and that Defendant no longer administered her benefit. Plaintiff wrote Defendant again in March 2016 to demand that her SIB payments be reinstated. Defendant responded the next month and again explained that it had to stop paying the benefit when Kodak stopped funding the account from which benefits were paid. ECF No. 9-15 at 9. The letter also explained that Kodak controlled the benefits being paid to retirees and had the right to move the payments elsewhere. *Id.*

In July 2016, Plaintiff's counsel wrote Defendant asking for a lump sum settlement and release. ECF No. 9-13 at 2. He also asked that Defendant provide a copy of all pertinent documents related to Plaintiff's claim and stated that, under ERISA, he could ask for a $110 daily penalty for every day that Defendant refused to provide these documents. *Id.* at 4. Later that month, Defendant responded to Plaintiff's counsel's letters by reiterating that Kodak moved Plaintiff's benefits to another provider in 2000 and stated that it believed Plaintiff's benefits were transferred to that provider.

# DISCUSSION

## I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 572 (2007), and "draw all reasonable inferences in Plaintiff's favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). To survive a motion to dismiss, a complaint[4] must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. These factual allegations "must be enough to raise a right to relief above the speculative level," *id.* at 545, and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. ERISA § 502(c)(1)

Plaintiff's first cause of action is under ERISA § 502(c)(1), which states that "[a]ny administrator . . . (b) who fails or refuses to comply with a request for any information which such administrator is required to furnish to a participant or beneficiary . . . within 30 days . . . may in the court's discretion be personally liable . . . in the amount of $100 a day . . ." To be subject to liability under this section of ERISA, the plan administrator must be the administrator when the request for information is made. *See Dickerson v. Mutual of America*, 703 F. Supp. 2d 283, 291 (S.D.N.Y. 2010) ("[Defendant] was not the administrator . . . at the time of the plaintiff's request.")

---

[4] The complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995). Even where a document is "not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

According to Plaintiff, Defendant failed to comply with her requests for copies of the applicable ERISA policy within 30 days. Defendant argues that, after the implementation of the Settlement Agreement between the Committee of Retired Employees and Kodak, KREBA took over Plaintiff's SIB payments and the KREBA Trustees became the Administrator of the plan. Because ERISA § 502(c)(1) only applies to plan administrators, any request for documents relating to the KREBA Plan should have been made to the KREBA Trustees.

In response, Plaintiff argues that Defendant is her fiduciary and cites First Circuit caselaw for the proposition that a party not designated as an administrator may still be liable under ERISA § 502(c)(1) if it acts as a fiduciary. ECF No. 14 at 4-5 (citing *Law v. Ernst and Young*, 956 F.2d 364 (1st Cir. 1992)). The Second Circuit, however, has explicitly rejected the case law on which Plaintiff relies. *See Lee v. Burkhart*, 991 F.2d 1004, 1010 n.5 (2d Cir. 1993) ("Some courts have held that under certain circumstances a party not designated as an administrator may be liable for failing to furnish a plan description. We disagree."). Accordingly, because Defendant was not the plan administrator when Plaintiff requested plan information, Plaintiff's claim under ERISA § 502(c)(1) is dismissed.

## III.    ERISA § 502(a)(1)(B)

Plaintiff seeks to recover $440.27 from Defendant for every month between March 2015 and October 2016, and "continuing at the rate of $440.27 thereafter until the death of the Plaintiff." ECF No. 1 at 3. While ERISA § 502(a)(1)(B) authorizes a plan participant to bring a civil action for benefits due under the plan, Plaintiff's claim suffers from a fatal flaw: Defendant has not been involved with Plaintiff's SIB payments since August 2000—a fact that Plaintiff's Complaint acknowledges. *See* ECF No. 1 at 1 ("Payments were made by Metropolitan Life through August of 2000 and by various providers until cessation in March, 2015."). It is not evident why Plaintiff

is entitled to the remedy she seeks from Defendant—a party that ended its relationship with Plaintiff roughly 15 years before her alleged injury. The parties' submissions to the Court do not suggest that Defendant played any role whatsoever in Kodak's bankruptcy and the implementation of the KREBA plan, which were the events triggering the ultimate cessation of Plaintiff's SIB payments in 2015. Consequently, Plaintiff's claim under ERISA § 502(a)(1)(B) is dismissed.

## IV. Promissory Estoppel

In her response to Defendant's Motion to Dismiss, Plaintiff raises a claim for equitable estoppel based on the October 22, 1992 letter from Defendant stating that she would receive her monthly payment for life. *See* ECF No. 14-4. Although ERISA allows for remedies traditionally available at equity, such as estoppel, Plaintiff never actually discusses the elements of an estoppel claim[5] or applies those elements to her case, aside from a passing and undeveloped discussion of reliance. Moreover, Plaintiff does not allege any facts indicating that "extraordinary circumstances" tantamount to fraud on Defendant's part entitle her to relief, which she must do to succeed on her estoppel claim. *See Devlin Transp. Commc'n Int'l Union*, 173 F.3d 94, 101 (2d Cir. 1999); *Griefenberger v. Hartford Life Ins. Co.*, 131 F. App'x 756, 759 (2d Cir. 2005) (summary order). While Defendant conceded that the employee who wrote the 1992 letter mistakenly used the phrase "for life," there is no indication—or even allegation—from either party's pleadings or exhibits that Defendant intended to deceive Plaintiff or influence her to act in a certain way. Accordingly, Plaintiff has no claim based on estoppel.

---

[5] To state a claim for estoppel under ERISA, a plaintiff must allege: (1) a promise; (2) reliance on the promise; (3) injury caused by reliance; and (4) injustice if the promise is not enforced. *Weinreb v. Hosp. for Joint Diseases Orthopaedic Inst.*, 404 F.3d 167, 172-73 (2d Cir. 2005).

## V. Attorney's Fees

Because Plaintiff's substantive causes of action are dismissed, her third claim for attorney's fees is also dismissed. *See Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 243 (2010); *Donachie v. Liberty Life Assur. Co. of Boston*, 745 F.3d 41, 46 (2014).

## CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss (ECF No. 9) is GRANTED, and Plaintiff's Complaint (ECF No. 1) is DISMISSED. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: June 11, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court